**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Dawn Pollard,

    Plaintiff,                                Case Action No.: 1:10-cv-714

    v.                                      Judge Michael R. Barrett

Commissioner of Social Security,

    Defendant.

## **ORDER**

This is a Social Security appeal brought under 42 U.S.C. § 405(g). Before the Court is Magistrate Judge Stephanie K. Bowman's October 10, 2011, Report and Recommendation ("Report") (Doc. 16).[1] The Report recommends that Defendant's finding of non-disability should be affirmed. (Doc. 16, 14.)

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff filed timely Objections to the Report (Doc. 17), and Defendant filed a Response (Doc. 18).

For the reasons stated below, the Court overrules Plaintiff's Objections, and the Report is ADOPTED. Accordingly, the Commissioner's decision is AFFIRMED.

**I.    Background**

On October 4, 2007, Plaintiff filed applications for Disability Insurance Benefits

---

[1] All Court document citations are to Docket Entry numbers.

[2] A notice was attached to the Report regarding objections. (Doc. 16, 15.)

1

("DIB") and Supplemental Security Income ("SSI") benefits alleging a disability onset date of May 1, 2005, due to a learning disability, depression, and bi-polar disorder. (Doc. 1 ¶ 2; Tr. 16; Doc. 16, 1.) After her claims were denied initially and upon reconsideration, Plaintiff appeared for an evidentiary hearing before an Administrative Law Judge ("ALJ") on December 18, 2009. (Doc. 16, 1.) On January 28, 2010, the ALJ denied Plaintiff's DIB and SSI applications in a written decision. (Tr. 29.) The ALJ concluded that Plaintiff does not have a disability within the meaning of the Social Security Act. (Tr. 17.) The Appeals Council of the Social Security Administration upheld this decision without a hearing, and therefore, the ALJ's decision stands as the Defendant's final decision. (Doc. 1 ¶ 3; Doc. 16, 2.)

The Report accurately details the remainder of the facts and procedural history of this case. (*See* Doc. 16.) There is no need to repeat them here. Accordingly, the Report's statement of facts and procedural history are adopted in full.

The Report recommends that the ALJ's decision should be affirmed because it was supported by substantial evidence. (Doc. 16, 14.) Plaintiff maintains two objections to this recommendation: (1) The ALJ improperly found that there are no intelligence tests showing claimant's IQ scores as an adult and that her childhood scores are not a valid estimate of her adult functioning (Doc. 17, 2), and (2) the ALJ erred in failing to order additional intelligence testing (Doc. 17, 3).[3] Each objection is addressed below.

## II.    Analysis

### A.    Standard of Review

---
[3] Plaintiff did not organize its arguments as distinctly as the Court has listed them here, and Plaintiff may not have meant to present some of these arguments are true objections. (*See* Doc. 17.) However, for the sake of addressing everything thoroughly and efficiently, this is how the Court organizes its analysis.

2

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825

F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 (citing *Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### B. First "Objection"

Plaintiff's first objection is not really an objection at all. Rather, it is simply a restatement of the argument presented to the magistrate judge without any objection to the Report's conclusions. (*See* Doc. 17, 2–3; *compare* Doc. 10, 3–4, *with* Doc. 17, 2–3.) "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); *see also Evans v. Astrue*, No. 3:10-CV-67, 2011 WL 13453, at *2 (E.D. Tenn. Jan. 4, 2011) ("Because plaintiff simply recites, almost verbatim, the same arguments considered by [the] Magistrate Judge . . . . the Court does not consider plaintiff's arguments to be specific objections to the R & R and it will not engage in *de novo* review."); *Alston v. Voorhies*, No. 07CV2284, 2010 WL 3895069, at *10 (Sept. 30, 2010 (N.D. Ohio) ("Verbatim restatements of arguments addressed by the magistrate judge are not

4

proper objections.") Regardless, the Court reviews Plaintiff's arguments and the magistrate judge's analysis.

Plaintiff maintains that the ALJ improperly found that there are no intelligence tests showing claimant's IQ scores as an adult and that her childhood scores are not a valid estimate of her adult functioning. (Doc. 17, 2.) This falls under Plaintiff's overall argument that the evidence demonstrates that she has an impairment that meets or equals 20 C.F.R. part 404, subpart P, Appendix 1, Listing 12.05(B) or 12.05(C). (Doc. 17, 2; Doc. 10, 3.)

Listing 12.05 of 20 C.F.R. part 404, subpart P, Appendix 1 relates to the evaluation of disability on the basis of mental retardation. It contains an introductory paragraph with the diagnostic description for mental retardation and four sets of criteria (paragraphs A through D). If an applicant's impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, the applicant's impairment meets the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00(A). The entirety of Listing 12.05 states as follows:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded;
>
> Or
>
> B. A valid verbal, performance, or full scale IQ of 59 or less;

5

> Or
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;
>
> Or
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following:
>
> 1. Marked restriction of activities of daily living; or
>
> 2. Marked difficulties in maintaining social functioning; or
>
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>
> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05.

Plaintiff argues that "[t]he ALJ has improperly found that there are no intelligence tests showing claimant's IQ scores as an adult and that her childhood scores are not considered a valid estimate of her adult functioning." (Doc. 17, 2.) The record shows that in October 1992, at the age of 15, Plaintiff was given an IQ test by the Lakota School District. (Tr. 363.) The results indicated that Plaintiff had IQ scores of 52 Verbal, 57 Performance, and 50 Full Scale. (Tr. 363.) Plaintiff concedes that the Report is correct where it concludes that IQ scores were only valid for two years. (Doc. 17, 2.) Thus, Plaintiff presents no objection to the Report's conclusion here.

Because there is no objection here, de novo review is not required, Fed. R. Civ. P. 72(b)(3), but the magistrate judge analyzed this issue as follows:

> The regulations provide that intelligence test scores must be sufficiently current for an accurate assessment of mental retardation, as test results generally stabilize by the age of 16. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(D)[(10)] (IQ scores obtained between ages 7 and 16 are valid for only two years when the score is 40 or above). *See also Elam ex rel. Golay v Comm'r of Soc. Sec.*, 348

6

> F.3d 124, 125-26 (6th Cir. 2003). Because Plaintiff's IQ test
> scores were obtained when she 15 years old and her test
> results all exceeded the forty point standard, they would be
> considered current for only two years, or until 1994. *Id.*

(Doc. 16, 8–9.) The Court sees no error of analysis here and Plaintiff points to none.

Plaintiff further maintains that several circuit courts have held that a valid IQ test creates a rebuttable presumption of a fairly constant IQ throughout a claimant's life. (Doc. 17, 2–3.) This is simply a restatement of Plaintiff's argument made in her Statement of Errors. (*Compare* Doc. 10, 4, *with* Doc. 17, 3.) Plaintiff recognizes that the Report found its cases in support to be unpersuasive because, as Plaintiff states, "these cases involved IQ scores obtained after the age of 22." (Doc. 17, 3.) Once again, The Court sees no error of analysis here and Plaintiff points to none.

Accordingly, Plaintiff's first objection, such as it is, is OVERRULED. The Report is ADOPTED in this respect.

### C.    Second Objection

Plaintiff's second objection maintains that the ALJ erred in failing to order additional intelligence testing (Doc. 17, 3). This is also a restatement of the argument presented to the magistrate judge. (*Compare* Doc. 10, 5, *with* Doc. 17, 3.) The Report addressed this issue as follows:

> "Social Security proceedings are inquisitorial rather than
> adversarial," such that an ALJ has a duty "to investigate the
> facts and develop the arguments both for and against
> granting benefits." *Sims v. Apfel*, 530 U.S. 103, 111 (2000)
> (citation omitted). However, ordinarily an ALJ "has discretion
> to determine whether further evidence, such as additional
> testing or expert testimony, is necessary." *Foster,* 279 F.3d
> at 357 (citing 20 C.F.R. §404.1517). "Only under special
> circumstances, when a claimant is without counsel, not
> capable of presenting an effective case, and unfamiliar with
> hearing procedures does the ALJ have a special duty to

7

> develop the record." *Rise v. Apfel, Comm'r of Soc. Sec.*, No. 99-6164, 2000 WL 1562846, at *2 (6th Cir. 2000) (citing *Lashley v. Sec. of Health and Human Services,* 708 F.2d 1048, 1051-52 (6th Cir. 1983)).
>
> Furthermore, the regulations provide that the ALJ may obtain additional evidence if he or she does not have sufficient information to determine if a claimant is disabled. 20 CFR § 404.1527(c)(3). Thus, an ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary. *Foster*, 279 F.3d at 355 (citing 20 C.F.R. §§ 404.1517, 416.917 ("If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests")).
>
> In this case, there existed substantial evidence in the record to determine that Plaintiff did not meet the threshold diagnosis of mental retardation and therefore could not satisfy the criteria of Listings 12.05(B) or 12.05(C). As detailed above, the record does not contain any opinion evidence suggesting that Plaintiff suffers from mental retardation nor does it contain evidence of significantly subaverage intellectual functioning. Accordingly, the ALJ was under no duty to order additional intelligence testing. *See Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 675 (6th Cir. 2009) (ALJ did not abuse discretion in not ordering IQ testing where record did not establish claimant met Listing 12.05's capsule definition); *Baker v. Comm'r of Soc. Sec.*, 21 F. App'x 313, 315 (6th Cir. 2001) ("The Commissioner is not required to accept a claimant's IQ scores and may reject scores that are inconsistent with the record").

Doc. 16, 12–13.)

Plaintiff concedes that there has not been a mental-retardation diagnosis in her case, but she contends that such a diagnosis is not dispositive. Instead, she now maintains, "there is evidence of record that buttresses her contention that her IQ and adaptive functioning have remained fairly constant since age 15." (Doc. 17, 4.) She further maintains that the ALJ's findings as to impairments in daily activities; social

functioning; and concentration, persistence, and pace are not inconsistent with her childhood IQ scores, and that a person with IQ scores of approximately 50 to 70 "are capable of earning a living, marrying and having a family," as Plaintiff has done. (Doc. 17, 4–5.) However, even if there is evidence in the record indicating that Plaintiff is correct here, if substantial evidence supports the ALJ's finding of non-disability that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*, 35 F.3d at 1035 ("The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion."). In other words, Plaintiff may be perfectly correct here—there may be evidence that her IQ and adaptive functioning have remained fairly constant since age 15. But that does not demonstrate how the ALJ's decision is not supported by substantial evidence, and Plaintiff has not linked its arguments to such a conclusion. As the magistrate judge stated, "[i]n this case, there existed substantial evidence in the record to determine that Plaintiff did not meet the threshold diagnosis of mental retardation and therefore could not satisfy the criteria of Listings 12.05(B) and 12.05(C)." (Doc. 16, 13.) Because Plaintiff does not endeavor to show how the ALJ's decision is not supported by substantial evidence, her objection must be overruled.

Accordingly, Plaintiff's second objection is OVERRULED. The Report is ADOPTED in this respect.

## III. Conclusion

Based on the foregoing, the Court OVERRULES Plaintiff's Objections and the Report (Doc. 16) is ADOPTED in full. As the Report recommends (Doc. 16, 14), because the Commissioner's decision to deny Plaintiff Disability Insurance Benefits and

9

Supplemental Security Income benefits was supported by substantial evidence, that decision is AFFIRMED, and this case is CLOSED.

**IT IS SO ORDERED**.

                                                *s/Michael R. Barrett*
                                                United States District Judge